**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| HUIZHOU POTIAN TECHNOLOGY CO. LTD. dba IRON AGE, NIUBA TECHNOLOGY CO. LTD. dba AMAZEFAN, and YONGKANG CHENGHE FITNESS EQUIPMENT CO. LTD. dba NEWAN, | |
| *Plaintiffs*, | Civil Action No. 3:25-cv-564 <br><br> JURY DEMAND |
| v. | |
| MICHAEL KEHOE, | |
| *Defendant*. | |

<u>**ORIGINAL COMPLAINT**</u>

Plaintiffs Huizhou Potian Technology Co. Ltd. dba Iron Age ("Iron Age"), Niuba Technology Co. Ltd. dba Amazefan ("Amazefan"), and Yongkang Chenghe Fitness Equipment Co. Ltd. dba Newan ("Newan") (collectively, "Plaintiffs") seek a declaratory judgment of patent non-infringement and invalidity of certain accused workout bars, as defined herein, and invalidity against United States Patent No. 11,484,746 ("Patent").

**INTRODUCTION**

1.      Over the past twenty years, online retailing has revolutionized how foreign companies reach American consumers. The rise of electronic marketplaces combined with a dramatic increase in transport speed and improved logistic networks has allowed even relatively small companies to compete globally. These developments have generally increased competition and lowered prices.

2.      The web domain "Amazon.com" hosts the Amazon Marketplace and its millions of product listings; it is United States specific and targets American consumers. For an online retailer to effectively compete in the United States, it must sell on the Amazon Marketplace. According to bigcommerce.com, "Each month more than 197 million people around the world get on their devices and visit Amazon.com. That's more than the entire population of Russia. In 2018, Amazon's share of the US e-commerce market hit 49%... that is more than Amazon's top three competitors combined, with eBay coming in at 6.6%, Apple at 3% and Walmart at 3.7%."

3.      Nine out of ten American consumers use Amazon to price check products they find elsewhere, and roughly 95 million people have Amazon Prime memberships in the United States. Facing the considerable challenges of managing this sprawling hive of commercial activity, Amazon, Inc. established intellectual property complaint and enforcement systems for Amazon.com primarily designed to protect itself from contributory infringement liability. These include a patent infringement reporting mechanism and a binding pseudo-arbitration evaluation procedure currently known as the Amazon Patent Evaluation Express ("APEX").

4.      In sum, after Amazon receives a patent infringement complaint, it contacts the accused sellers and urges them to negotiate with the patent owner. If the patent owner initiates an APEX proceeding, the seller may opt not to participate, but that refusal means Amazon will remove, *i.e.*, de-list, the accused product from the Amazon Marketplace.

5.      An Amazon APEX is decided by a single neutral evaluator chosen by Amazon. Once begun, the process lasts only a few weeks. The evaluator is paid a fixed fee for the APEX, borne by the losing side. The patent owner identifies the accused products by ASIN No. and a single claim of one patent allegedly infringed. Each side is permitted one brief on infringement.

The evaluator may not consider validity unless the asserted patent claim has already been ruled invalid by a court or by the USPTO, making the procedure exceedingly patent owner friendly.

6.     Amazon's procedures require the evaluator to determine whether the patent owner is "likely to be able to prove" the accused products infringe the asserted claim. The evaluator does not explain their reasoning if they find for the patent owner but must provide a brief explanation if they rule against the patent owner. If the patent owner wins, Amazon de-lists the accused products until the parties notify Amazon that the dispute has been resolved and the infringement complaint withdrawn. There is no appeal.

7.     These APEX proceedings are heavily weighted in favor of patent owners. They are not suited to evaluating complex technical issues, and the speed, limited scope, high stakes, and inability to appeal all place tremendous pressure on accused sellers to capitulate, particularly online retailers deriving most of their revenue from Amazon sales.

8.     It is against this backdrop that Defendant Michael Kehoe ("Defendant") reported to Amazon meritless "Intellectual Property Violations" against the Accused Product, specifically alleging infringement of the Patent, and resulting in the potential delisting of the Accused Product.

### NATURE OF THE ACTION

9.     This is an action for Declaratory Judgment of patent non-infringement and invalidity arising under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., and the United States Patent Laws, 35 U.S.C. § 101 *et seq*.

### PARTIES

10.     Plaintiff Iron Age is a type of foreign limited liability company organized under the laws of the People's Republic of China. Iron Age sells workout equipment on Amazon under the store and brand name "Iron Age."

11.    Plaintiff Amazefan is a type of foreign limited liability company organized under the laws of the People's Republic of China. Amazefan sells workout equipment on Amazon under the store and brand name "Amazefan."

12.    Plaintiff Newan is a type of foreign limited liability company organized under the laws of the People's Republic of China. Newan sells workout equipment on Amazon under the store and brand name "Newan."

13.    Upon information and belief, Defendant Kehoe is a private citizen and resident of the Republic of Ireland.

## JURISDICTION AND VENUE

14.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a) because it arises under the Patent Laws of the United States, 35 U.S.C. §§ 101 *et. seq*. Jurisdiction over the subject matter of this action is further provided under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

15.    Defendant is subject to this Court's personal jurisdiction pursuant to the due process clause of the Constitution and/or the Texas Long Arm Statute, due at least to Defendant's substantial business in this State and District, including: regularly conducting and soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from Texas residents.

16.    Alternatively, Defendant is subject to this Court's personal jurisdiction pursuant to Fed. R. Civ. P. 4(k)(2).

17.    Venue is proper in this District pursuant to 28 U.S.C. § 1391 as Defendant is a foreign individual residing in the Republic of Ireland.

## THE ACCUSED PRODUCT

18.     Plaintiffs are e-commerce companies selling workout equipment on Amazon. The Accused Product at issue is a doorway pull up bar identified by the following ASINs: B0C5XSRXCL, B0D21T7HMH, B0D1FRBR4Q, and B09HS76CBD ("Accused Products").

19.     The Accused Product is a door hook style pull up bar with an ergonomically angled end and vertical grip bar that redefined home fitness by providing a secure and versatile platform for upper body workouts.



20.     The Accused Product has been developed by Plaintiffs over the last decade. Starting in March of 2018, Plaintiffs designed a unique multifunctional rotatable pull-up bar unlike any other on the market, which is embodied in United Stated Design Patent No. D868,910. In March of 2019, Plaintiffs upgraded the straight bar handle to an ergonomic bent handle and shortened the length of the pull up bar to reduce the risk of ligament strain. This upgrade was a tremendous success, garnering over 100,000 users and is embodied in United Stated Design Patent No.

D892,948 ("Huang"). Between 2021 to 2023, Plaintiff introduced and improved the middle pull up bar to cater to different pull up positions. In early 2023, the connecting rod in the middle was reinforced, which is embodied in United Stated Design Patent No. D968,535.

21.    The Amazon marketplace constitutes Plaintiffs' primary sales channel into the United States. To remain competitive in the United States market for workout bars, Plaintiffs needs their products listed in the Amazon marketplace.

22.    Defendant's ability to use the APEX as an inequitable injunction significantly harm Plaintiffs. In addition to the direct effects of monetary losses, the delisting of products immediately results in lost sales numbers, product reviews, and product ratings, which are all important factors in determining their Amazon ranking. Amazon ranking is in turn important to product visibility in consumer searches and to Amazon's award of the "Amazon Choice" badge or the "Amazon Bestseller" designations which create a significant sales boost.

**UNITED STATES PATENT NO. 11,484,746**

23.    Defendant is the applicant of record of the Patent, attached as Exhibit A.

24.    The Patent is entitled "Foldable Exercise Device" and generally discloses: "A foldable exercise device with a chin-up exercise apparatus and a dip exercise apparatus suspendable from the chin-up exercise apparatus. The chin-up exercise apparatus has a top horizontal member and a bottom horizontal member connected by two connecting members. Each connecting member has a door header hook and a parallel chin-up handle that rotate on the connecting member from a flat configuration to an exercise configuration. In the exercise configuration the chin-up exercise apparatus can engage a door frame. In the exercise configuration the parallel chin-up handles can be used for neutral chin-ups. The dip exercise apparatus has two vertical members spaced apart by a horizontal connecting member. The vertical

members have a bottom end with a bottom grip. The bottom grip can be rotated from a flat configuration to an exercise configuration. In the exercise configuration the bottom grips can be used to do dip exercises." Exhibit A at Abstract.

25.    The sole named inventor of the Patent is Defendant, Michael Kehoe of Kilterman County, Ireland. *Id*.

26.    The Patent issued on November 1, 2022 and has an earliest effective filing date of August 1, 2020. *Id*. The Patent claims no priority.

27.    The Patent has two independent claims and sixteen dependent claims, each claiming a chin-up exercise device. *Id*.

## DEFENDANT KEHOE'S ACTIONS

28.    On or around January 16, 2025, Defendant initiated an APEX procedure against Plaintiff and the Accused Product, therein asserting claim 8 of the Patent. *See* Exhibit B, APEX Agreement.

29.    Plaintiff was given a deadline to participate in the APEX procedure of March 7, 2025.  However, Amazon may decline to initiate or to suspend an APEX evaluation while litigation is pending.

## THE PRIOR ART

30.    There exist several prior art references, as cited herein, that either anticipate or render the Patent obvious. Every prior art reference cited herein predates the earliest effective filing date of the Patent.

31.    For example, Plaintiff identifies the following prior art references: Korean Patent Publication No. KR20130093219 to Kim ("Kim") published August 22, 2013; Korean Patent Publication No. KR101432434 to Park ("Park") published August 21, 2014; United Kingdom

Patent Application No. GB2474452 to Spence ("Spence") published April 20, 2011; Chinese Patent No. CN207187019 to Chen et al ("Chen") published April 6, 2018; United States Patent Application Publication No. US20150148197 to Lentz ("Lentz") published May 28, 2015; United States Design Patent No. D936,761 to Jiang ("Jiang"); filed June 25, 2020; United States Patent No. 8,057,368 to Lyszczarz ("Lyszczarz") filed August 5, 2008; and United States Patent No. 9,999,797 to Meredith et al ("Meredith") filed March 10, 2017.

## CLAIM I:
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

32.    Plaintiffs incorporate by reference the preceding paragraphs as though fully set forth herein.

33.    An actual, continuing and justiciable controversy exists between Plaintiffs and Defendant as to the non-infringement of the Patent, as evidenced by Defendant's allegations of infringement on Amazon, as set forth above.

34.    Pursuant to the Declaratory Judgment Act, Plaintiffs request a judicial determination and declaration that the Accused Product does not infringe and has not infringed, either directly or indirectly, literally or under the doctrine of equivalents, any presumably valid claim of the Patent.

35.    For example, the Accused Product does not meet each and every limitation of asserted independent claim 8. Likewise, since independent claim 8 is not infringed, neither are its dependent claims. *Wahpeton Canvas Co. v. Frontier, Inc.*, 870 F.2d 1546, 1552 n.9, 1553 (Fed. Cir. 1989) (a dependent claim cannot be infringed if any claim from which it depends is not infringed).

36.    Regarding asserted claim 8, the Accused Product does not comprise at least the following element: where each connecting member has a door header hook and a parallel chin-up

handle that transitions to an exercise configuration. The Accused Product does comprise where each connecting member has a door header hook and a parallel chin-up handle. However, in the Accused Product, the door header hook and the parallel chin-up handle do not transition to an exercise configuration within the meaning of the Patent. The Patent discloses transitioning from a flat configuration to an exercise configuration only by the door header hook and parallel chin-up handle rotating around each connecting member. For example: "Each connecting member has a door header hook and a parallel chin-up handle that rotate on the connecting member from a flat configuration to an exercise configuration." Abstract. "Transitioning between the exercise configuration and the flat configuration may be a matter of the door header hook 125 and the parallel chin-up handle 130 transitioning from being in a plane perpendicular to the bottom horizontal member 115 to being co-planer with the bottom horizontal member 115. The door header hook 125 and the parallel chin-up handle 130 may rotate around the connecting member 120." 3:65 - 4:5. The Patent goes on to disclose that in all embodiments, transition requires the door header hook and a parallel chin-up handle rotating either independently of each other or together. 4:5 – 4:28. Therefore, the Accused Products do not meet this claim element.

37.    Further, as discussed herein, since the claims of the Patent are invalid, there can be no infringement.

## CLAIM II:
## DECLARATORY JUDGMENT OF INVALIDITY

38.    Plaintiffs incorporate by reference the preceding paragraphs as though fully set forth herein.

39.    An actual, continuing and justiciable controversy exists between Plaintiffs and Defendant as to the invalidity of the Patent, as evidenced by Defendant's allegations of infringement on Amazon, as set forth above.

40.     Pursuant to the Declaratory Judgment Act, Plaintiffs request a judicial determination and declaration that at least asserted claim 8 of the Patent is invalid in view of the prior art cited herein for failure to meet the statutory requirements for patentability.

41.     For example, under 35 U.S.C. § 103, asserted claim 8 of the Patent is unpatentable over Huang in view of Jiang.

42.     For example, under 35 U.S.C. § 103, asserted claim 8 of the Patent is unpatentable over Jiang in view of Spence and/or Chen in further view of Lyszczarz. Jiang discloses every limitation of claim 8 except a transition to an exercise configuration, which is disclosed by Spence and/or Chen and Lyszczarz with the reason to combine to make the exercise device of Jiang more compact for storage and transportation.

43.     As another example, under 35 U.S.C. § 103, asserted claim 8 of the Patent is unpatentable over Kim in view of Spence and/or Chen in further view of Lyszczarz. Kim discloses every limitation of claim 8 except a transition to an exercise configuration, which is disclosed by Spence and/or Chen and Lyszczarz with the reason to combine to make the exercise device of Jiang more compact for storage and transportation.

44.     As another example, under 35 U.S.C. § 103, asserted claim 8 of the Patent is unpatentable over Park in view of Spence and/or Chen in further view of Lyszczarz. Park discloses every limitation of claim 8 except a transition to an exercise configuration, which is disclosed by Spence and/or Chen and Lyszczarz with the reason to combine to make the exercise device of Jiang more compact for storage and transportation.

45.     As another example, under 35 U.S.C. § 103, asserted claim 8 of the Patent is unpatentable over Lentz in view of Spence and/or Chen in further view of Lyszczarz. Lentz discloses every limitation of claim 8 except a transition to an exercise configuration, which is

disclosed by Spence and/or Chen and Lyszczarz with the reason to combine to make the exercise device of Jiang more compact for storage and transportation.

## DEMAND FOR JURY TRIAL

Plaintiffs, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter a judgment as follows:

A.    Preliminary and permanent injunctions ordering Defendant to withdraw all Amazon infringement complaints lodged against the Accused Product regarding the Patent, and to refrain from lodging any further infringement complaints regarding the same.

B.    A declaration that the Accused Product does not infringe any of the presumably valid claims of the Patent;

C.    A declaration that the Patent is invalid over the prior art cited herein; and

D.    A declaration that this case is exceptional and an award to Plaintiffs of their costs, expenses, and reasonable attorney fees incurred in this action pursuant to 35 U.S.C § 285; and

E.    Such further and additional relief as the Court deems just and proper.

Dated: March 6, 2025                     Respectfully submitted,

                                         /s/    *Hao Ni*
                                         Hao Ni
                                         Texas Bar No.: 24047205
                                         Nicholas Najera
                                         Texas Bar No.: 24127049

                                         Ni, Wang & Massand, PLLC
                                         8140 Walnut Hill Lane, Suite 615
                                         Dallas, TX 75231
                                         972.331.4603
                                         972.314.0900 (facsimile)
                                         hni@nilawfirm.com
                                         nnajera@nilawfirm.com


                                         *Counsel for Plaintiffs*